**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BACH DIVISION**
**www.flsb.uscourts.gov**

IN RE:                                                                  CASE NO.:
                                                                                   CHAPTER 11
PEBWORTH PROPERTIES, LLC.

    Debtor.
_____/

**EXPEDITED HEARING REQUESTED PURSUANT TO LOCAL RULE 9013-1(F)**

**DEBTOR IN POSSESSION'S MOTION FOR AUTHORIZATION**
**TO USE CASH COLLATERAL**

**EXPEDITED RELIEF REQUESTED**

    Debtor, PEBWORTH PROPERTIES, LLC (hereinafter referred to as "PEBWORTH" or as "Debtor") pursuant to 11 U.S.C. Section 363, Bankruptcy Rule 4001 and Local Rules 9013-1(F) and (G) files this Emergency Motion for Determination and/or Authorization to Use Cash Collateral, and states:

    1.    On March 10, 2010, the Debtor initiated this case by filing a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.

    2.    PEBWORTH is a Limited Liability Company organized under the laws of Florida. The managing member and President of PEBWORTH is David Steinhauer. David Steinhauer is the sole member of the Debtor.

    3.    The Debtor is a Single Asset Real Estate entity as provided for under 11 U.S.C. §101(51B). PEBWORTH owns real property located at and more fully described as:

**240 and 250 W. INDIANTOWN ROAD, JUPITER, FL 33458**

1

**LEGAL DESCRIPTION:** LOTS 1 THROUGH 20 INCLUSIVE (LESS NORTH 10 FEET SR 706 AND LESS PARCEL NO. 146 DESCRIBED IN THAT ORDER OF TAKING RECORDED IN OR BOOK 6353, PAGE 278) AND NORTH 1/2 OF ABANDONED ALLEY LYING SOUTH OF AND ADJACENT THERETO, LOTS 21 TO 25, INCLUSIVE, 27 TO 30 INCLUSIVE AND SOUTH 1/2 OF ABANDONED ALLEY LYING NORTH AND ADJACENT THERETO OF BLOCK 10, JUPITER TOWNSITE SECTION 1, AS RECORDED IN PLAT BOOK 14, PAGE 11, PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA

**TOGETHER WITH**
LOT 26 AND SOUTH 1/2 ABANDONED ALLEY LYING NORTH OF AND ADJACENT THERETO OF BLOCK 10, JUPITER TOWNSITE SECTION 1, AS RECORDED IN PLAT BOOK 14, PAGE 11, PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA

**PCN 30-42-42-03-010-0010 AND 30-42-41-02-03-010-0260**

**DEED DATED: 3/3/03**

(hereinafter referred to as "The Property").  The Property generates all of the Debtor's gross income and there is no substantial business being conducted by the Debtor other than owning The Property.

  4.  PEBWORTH receives income from in the form of rents received from tenants in the Property by way of various lease agreements.  The Property is 84.51% rented to various tenants, as set forth in the Rent Roll referenced below and attached hereto.  The Debtor is in negotiations and/or marketing to fill its 15.49% vacancy.  The rental income is deposited into the Debtor's Operating and the Debtor uses said rental income to pay its operating, maintenance and management expenses.  Pursuant to an agreement reached in the State Court foreclosure litigation, the Debtor has been managing the Property and is authorized to pay its monthly operating expenses from the rents received.

  5.  The above-referenced Property is secured by way of a mortgage loan with Wells Fargo Bank, N.A., in its capacity as Trustee for the registered certificate holders of

Morgan Stanley Capital, Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-IQ12 (hereinafter referred to as "WELLS") recorded in Official Records Book 20868, Page 0241 of the Public Records of Palm Beach County, Florida. WELLS has initiated a foreclosure lawsuit against the Debtor under case styled as *Wells Fargo Bank, N.A. vs. Pebworth Properties, LLC et al* under case number 502009CA026077XXXXMBAW.

6. In addition to the mortgage, WELLS maintains a lien on all personal property of the Debtor including income, rents and other cash collateral of the Debtor by virtue of a UCC-1 recorded on September 19, 2006 under UCC number 200603690538. A copy of WELLS' UCC-1 is attached hereto and made a part hereof as Exhibit "A".

7. As of the date of the Petition, the Debtor was current with its ordinary course of business payments to service providers; however, the Debtor is not current with its payments to WELLS. The Debtor needs to use cash collateral to continue operating the Debtor's business. If the Debtor does not pay its ordinary course of business payments, such as common area utilities and water, then those providers will likely shut off the Debtor's utility services. The Debtor needs to use the cash collateral to post deposits to its utility providers for adequate assurance payments as required by 11 U.S.C. § 366(c)(2). The approximate amount of the adequate assurance payments will be $1,300.00. Additionally, the Debtor must maintain the landscaping in and around the premises, as well as janitorial services and various other normal operating services set forth in the Debtor's monthly budget referenced below that are normal for rental income property. The failure to maintain the premises and provide these various services to the tenants would cause the demise of the Debtor. Obviously, the Debtor is in the business of leasing space to various tenants that utilize these services to earn their income needed to pay rent to the Debtor.

8. The Debtor's monthly projected bankruptcy budget is attached hereto as Exhibit "B".

9. WELLS appears to be the only secured creditor, which may claim, or have, a security interest in the cash collateral of the Debtor pursuant to the UCC-1 attached as Exhibit "A". A search of the Florida Secured Transaction Registry by the Debtor's name reveals WELLS is the only creditor claiming a security interest in the Debtor's rent revenues and/or account receivables.

10. At the time of the bankruptcy filing, the Debtor owed WELLS approximately $6,525,000.00. The total amount owed to WELLS appears to be substantially under-secured by the Debtor's account receivables and real property. The estimated market value of the property is $3,000,000.00, but will be confirmed through a forthcoming Appraisal.

11. The Debtor's projected budget reflects monthly net income, if all tenants pay their rent in a timely fashion. Unfortunately, there are current rent arrears as some of the tenants are encountering financial difficulty in the present economy. The Debtor is working with the tenants to either cure the arrearages. A copy of the Debtor's Rent Roll is attached as Exhibit "C". It should be noted that the new tenant, Metro PCS is not on the Rent Roll or included in the above rental income projection because they have a rent concession for free rent through July 1, 2010.

12. The Debtor is willing to validate WELLS's security interest to the extent of the value of the Property in the event a Final Order authorizing cash-collateral is entered.

13. It is submitted that the use of the cash collateral is necessary for an effective reorganization and to avoid harm to the Debtor's Bankruptcy Estate.

4

14. As additional adequate protection to WELLS, the Debtor has every intention of using a portion of its rent receivables to make payments to WELLS in an amount to be agreed upon with WELLS during the pendency of these proceedings. It is acknowledged that this amount is less than the interest only accrual under the subject loan, but should be close to the interest accrual under the secured portion of the loan based on current market value for the Property. This valuation issue will be addressed later in these proceeding through the Plan or otherwise. However, some form of adequate protection payments will commence during the ninety (90) days from the filing of these Chapter 11 proceedings.

15. Obviously, the Debtor needs to be able to pay its administrative expenses and other ordinary business and operating expenses as they become due. The Debtor needs to pay its utilities, taxes and other ordinary business expenses which are all vital for the continued operation of the Debtor's business.

16. As of the date of this Motion, an unsecured creditor's committee has not been appointed. Should a Committee be appointed, said committee should be allowed ten (10) days from the date of the entry of an Interim Order Authorizing use of the Cash Collateral to analyze and object to the validity, priority and extent of the secured creditors' lien.

17. The Debtor seeks to use the cash collateral sooner than fifteen (15) days after the service of the Motion in the amount of approximately **$24,613.14**, with a 10% variance factor, until to the date of the final hearing which shall be set at least with fifteen (15) days notice from the date of this Motion, unless otherwise agreed. Most of the operating expenses of the Debtor are due at the beginning of each month. Upon release and authorization of the requested cash collateral, prior to the final hearing, the funds will be used to pay for Debtor's ordinary course of business expenses, as it is set forth in the budget attached hereto and made a part hereof. It should be noted that the Debtor

5

currently has approximately $69,000.00 plus monthly rental payments deposited in its bank account.

## REASONS FOR EMERGENCY HEARING REQUESTED

It is respectfully requested that this matter be heard on an emergency basis. The business cannot function without the authority to use its rents receivables and operating capital to pay debts incurred in the ordinary course of business. This reorganization procedure will not have a chance of success without the relief requested. The Movant requests that a hearing be scheduled for no later than **Friday, March 12, 2010**, or as soon as possible, with notice faxed to the necessary and proper parties to allow for notice.

WHEREFORE, the Debtor in Possession, PEBWORTH PROPERTIES, LLC, respectfully requests that this Honorable Court enter an Order Authorizing the Debtor to use the cash collateral in the regular course of business, and for such other and further relief as this Court deems just and proper under the circumstances.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was furnished via U. S. Mail to the parties on the attached service list on this 10th day of March, 2010.

KELLEY & FULTON, P.A.
Attorneys for Debtor in Possession
1665 Palm Beach Lakes Blvd.
The Forum - Suite 1000
West Palm Beach, Florida 33401
Telephone No. (561) 491-1200
Facsimile No.   (561) 684-3773


By:___*/s/ Craig I. Kelley*_____
       Craig I. Kelley, Esquire
       Florida Bar No.: 782203

6

## Service List

Office of US Trustee
51 S.W. First Ave. Room 1204
Miami, Fl. 33130

Internal Revenue Service
Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Internal Revenue Service
Special Procedures - Insolvency
P.O. Box 17167 Stop 5760
Attn: Bankruptcy Unit
Ft. Lauderdale, FL 33318

State of Florida/Dept. of Revenue
Bankruptcy Section
P.O. Box 6668
Tallahassee, FL 32314-6668

Pebworth Properties, LLC
250 W. Indiantown Road, Ste 103
Jupiter, FL 33458

Traci Rollins, Esquire
Wells Fargo
c/o Squire, Sanders & Dempsey, LLP
1900 Phillips Pt W, 777 S. Flagler Drive
West Palm Beach, FL 33401-6198

1317 South Killian
250 W. Indiantown Road, Ste 104
Jupiter, FL 33458

Alarm Guard
3965 Investment Lane, Ste A3
West Palm Beach, FL 33404

David Steinhauer
250 W. Indiantown Road, Ste 103
Jupiter, FL 33458

Foliage Concepts of Florida, Inc.
6921 151St Court
Palm Beach Gardens, FL 33418

7

Hard Exercise Works, LLC d/b/a
Hard Exercise Works
240 W. Indiantown Road # 106
Jupiter, FL 33458

Kevin Duffy
840 SW Whisper Ridge Trail
Palm City, FL 34990

Kretzer Piano, Inc.
240 W. Indiantown Road, Ste 104
Jupiter, FL 33458

Montgomery Insurance
PO Box 6486
Carol Stream, IL 60197

PB Enterprise
250 W. Indiantown Road, Ste 104
Jupiter, FL 33458

Palm Beach County
Board of County Commissioners
Finance Dept
PO Box 3977
West Palm Beach, FL 33402

Pebworth Properties, Inc.
125 W. Indiantown Road, Ste 204
Jupiter, FL 33458

Professional Business Support, Inc.
219 2nd Court
Palm Beach Gardens, FL 33410

Superior Waterway Services, Inc.
3755 Fiscal Court Ste B
West Palm Beach, FL 33404

Town of Jupiter Utilities
PO Box 8900
Jupiter, FL 33468-8900

Waste Management of Martin County
7700 SE Bridge Road
Hobe Sound, FL 33455

FLORIDA SECURED TRANSACTION REGISTRY

# FILED
2006 Sep 19 AM 12:00

****** 200603690538 ******

**STATE OF FLORIDA UNIFORM COMMERCIAL CODE FINANCING STATEMENT FORM**

A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON

B. SEND ACKNOWLEDGEMENT TO:
Name: Rubin, Ehrlich & Buckley, P.C.
Address: 731 Alexander Road
City/State/Zip: Princeton, New Jersey 08540

1. DEBTOR'S EXACT FULL LEGAL NAME - INSERT ONLY ONE DEBTOR NAME (1a OR 1b) - Do Not Abbreviate or Combine Names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Pebworth Properties, L.L.C. | | | |
| 1b INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 1c MAILING ADDRESS<br>125 West Indiantown Road #204 | CITY<br>Jupiter | STATE  POSTAL CODE<br>FL        33458 | COUNTRY<br>USA |
| 1d. TAX ID#<br>65-0481090 | REQUIRED ADD'L INFO<br>RE: ORGANIZATION<br>DEBTOR | 1e. TYPE OF ORGANIZATION<br>limited liability company | 1f. JURISDICTION OF ORGANIZATION<br>Florida | 1g ORGANIZATIONAL ID#<br>FL-L01000012259<br>☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - INSERT ONLY ONE DEBTOR NAME (2a OR 2b) - Do Not Abbreviate or Combine Names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 1c MAILING ADDRESS | CITY | STATE  POSTAL CODE | COUNTRY |
| 2d TAX ID# | REQUIRED ADD'L INFO<br>RE: ORGANIZATION<br>DEBTOR | 2e TYPE OF ORGANIZATION | 2f JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#<br>☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)- INSERT ONLY ONE SECURED PARTY NAME (3a OR 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| LaSalle Bank National Association | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c MAILING ADDRESS<br>135 South LaSalle Street | CITY<br>Chicago | STATE  POSTAL CODE<br>Illinois   60603 | COUNTRY<br>USA |

4. This FINANCING STATEMENT covers the following collateral:

The items described in the Schedule of Collateral attached hereto and incorporated herein by reference as Exhibit A.

Products of the Collateral are also covered.

5. ALTERNATE DESIGNATION (if applicable): ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR
☐ AG. LIEN  ☐ NON-UCC FILING  ☐ SELLER/BUYER

6. Florida DOCUMENTARY STAMP TAX -- YOU ARE REQUIRED TO CHECK EXACTLY ONE BOX
[X] All documentary stamps due and payable or to become due and payable pursuant to s.201.22 F.S., have been paid.
☐ Florida Documentary Stamp Tax is not required.

7. OPTIONAL FILER REFERENCE DATA    **Florida Secretary of State**

STANDARD FORM - FORM UCC-1 (REV.12/2001)    Filing Office Copy    Approved by the Secretary of State, State of Florida

STP:314920:1

## EXHIBIT "A" TO UCC-1 FINANCING STATEMENT

Debtor:

Pebworth Properties, L.L.C.,
a Florida limited liability company
125 West Indiantown Road #204
Jupiter, Florida 33458

Tax Identification No.: 65-0481090
Organizational Id. No.: FL-L01000012259

Secured Party:

LaSalle Bank National Association
135 S. LaSalle Street, Suite 3410
Chicago, Illinois 60603
Attn: Real Estate Capital Markets

The Financing Statement covers, and the Debtor does hereby pledge, assign, transfer and deliver to the Secured Party and does hereby grant to the Secured Party a continuing and unconditional security interest in and to the following types (or items) of property:

Any and all assets of the Debtor, of any kind or description, tangible or intangible, whether now existing or hereafter arising or acquired, including, but not limited to:

(a) all property of, or for the account of, the Debtor now or hereafter coming into the possession, control or custody of, or in transit to, the Secured Party or any agent or bailee for the Secured Party or any parent, affiliate or subsidiary of the Secured Party or any participant with the Secured Party in the loans to the Debtor (whether for safekeeping, deposit, collection, custody, pledge, transmission or otherwise), including all earnings, dividends, interest, or other rights in connection therewith and the products and proceeds therefrom, including the proceeds of insurance thereon; and

(b) the additional property of the Debtor, whether now existing or hereafter arising or acquired, and wherever now or hereafter located, together with all additions and accessions thereto, substitutions for, and replacements, products and proceeds therefrom, and all of the Debtor's books and records and recorded data relating thereto (regardless of the medium of recording or storage), together with all of the Debtor's right, title and interest in and to all computer software required to utilize, create, maintain and process any such records or data on electronic media, identified and set forth as follows:

(i) All Accounts and all Goods whose sale, lease or other disposition by the Debtor has given rise to Accounts and have been returned to, or repossessed or stopped in transit by, the Debtor, or rejected or refused by an Account Debtor;

(ii) All Inventory, including, without limitation, raw materials, work-in-process and finished goods;

(iii) All Goods (other than Inventory), including, without limitation, embedded software, Equipment, vehicles, furniture and Fixtures;

 (iv) All Software and computer programs;

 (v) All Securities and Investment Property;

 (vi) All Chattel Paper, Electronic Chattel Paper, Instruments, Documents, Letter of Credit Rights, all proceeds of letters of credit, Health-Care-Insurance Receivables, Supporting Obligations, notes secured by real estate, Commercial Tort Claims, contracts, licenses, permits and all other General Intangibles, including Payment Intangibles and collateral assignments of beneficial interest in land trusts;

 (vii) All insurance policies and proceeds insuring the foregoing property or any part thereof, including unearned premiums; and

 (viii) All operating accounts, the loan funds, all escrows, reserves and any other monies on deposit with or for the benefit of Secured Party, including deposits for the payment of real estate taxes and insurance, maintenance and leasing reserves, and any cash collateral accounts, clearing house accounts, operating accounts, bank accounts of Debtor or any other Deposit Accounts of Debtor.

  Capitalized words and phrases used herein and not otherwise defined herein shall have the respective meanings assigned to such terms in either: (i) Article 9 of the Uniform Commercial Code as in force in Illinois at the time the financing statement was filed by the Secured Party, or (ii) Article 9 as in force at any relevant time in Illinois, the meaning to be ascribed thereto with respect to any particular item of property shall be that under the more encompassing of the two definitions.

```
CFN 20070232551
OR BK 21727 PG 0191
RECORDED 05/11/2007 15:39:05
Palm Beach County, Florida
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 0191 - 192; (2pgs)
```

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Reta Badley (405) 236-0003

**B. SEND ACKNOWLEDGEMENT TO: (Name and Address)**

Anderson, McCoy & Orta PC
100 North Broadway
Suite 2600
Oklahoma City, OK 73102
AMO File No: 1531.071

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
CFN 20060538306, OR Bk 20868, Pg 304 filed 9/19/06 in Palm Beach County, FL

**1b.** [x] This FINANCING STATEMENT AMENDMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS

**2.** [ ] TERMINATION

**3.** [ ] CONTINUATION

**4.** [x] ASSIGNMENT (full or partial)

**5. AMENDMENT (PARTY INFORMATION):** This amendment affects [ ] Debtor or [ ] Secured Party of Record.
[ ] CHANGE name and/or address
[ ] DELETE name
[ ] ADD name

**6. CURRENT RECORD INFORMATION:**

**6a. ORGANIZATION'S NAME**
PEBWORTH PROPERTIES, L.L.C. (a Florida limited liability company)
125 West Indiantown Road #204, Jupiter, FL 33458

**7. CHANGED (NEW) OR ADDED INFORMATION:**

**7a. ORGANIZATION'S NAME**
WELLS FARGO BANK, N.A., AS TRUSTEE FOR MORGAN STANLEY CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-IQ12

**7c. MAILING ADDRESS:** CMBS Department, 1055 10th Avenue SE
**CITY:** Minneapolis **STATE:** MN **POSTAL CODE:** 55414 **COUNTRY:** USA

**8. AMENDMENT (COLLATERAL CHANGE):**
All collateral assigned as in original UCC.

Property Address: 240-250 West Indiantown Road, Jupiter, FL
See Exhibit A attached hereto for legal description.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT**

**9a. ORGANIZATION'S NAME**
LASALLE BANK NATIONAL ASSOCIATION, a national banking association
135 South LaSalle Street, Suite 3410, Chicago, IL 60603

**10. OPTIONAL FILER REFERENCE DATA**
1531.071 - Promenade Shoppes at Pine Gardens

FILING OFFICE COPY - NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

## Exhibit A - Legal Description

All that real property situate in the Town of Jupiter, County of Palm Beach, State of Florida, all more particularly described as follows:

LOTS 1 THROUGH 20 INCLUSIVE (LESS NORTH 10 FEET SR 706 AND LESS PARCEL NO. 146 DESCRIBED IN THAT ORDER OF TAKING RECORDED IN OFFICIAL RECORDS BOOK 6353, PAGE 278) AND NORTH 1/2 OF ABANDONED ALLEY LYING SOUTH OF AND ADJACENT THERETO, LOTS 21 TO 25 INCLUSIVE, 27 TO 30 INCLUSIVE AND SOUTH 1/2 OF ABANDONED ALLEY LYING NORTH AND ADJACENT THERETO OF BLOCK 10, JUPITER TOWNSITE SECTION 1, AS RECORDED IN PLAT BOOK 14, PAGE 11, PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.

TOGETHER WITH:

LOT 26 AND SOUTH 1/2 ABANDONED ALLEY LYING NORTH OF AND ADJACENT THERETO OF BLOCK 10, JUPITER TOWNSITE SECTION 1, AS RECORDED, PLAT BOOK 14, PAGE 11, PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.

ALL MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWESTERLY CORNER OF SAID LOT 21, BLOCK 10 ACCORDING TO JUPITER TOWNSITE, BEING IN SECTION 1, TOWNSHIP 41 SOUTH, RANGE 42 EAST, TOWN OF JUPITER, SAID BEGINNING BEING THE INTERSECTION OF THE EASTERLY RIGHT OF WAY LINE OF HEPBURN AVENUE (BEING 50 FEET WIDE) WITH THE NORTHERLY RIGHT OF WAY LINE OF 1ST STREET (THIRD STREET PER PLAT AND BEING 60 FEET WIDE); THENCE NORTH 88°52'00" EAST ALONG THE SOUTHERLY LINE OF SAID LOTS 21 THROUGH 30, BLOCK 10 AND ALONG SAID NORTHERLY RIGHT OF WAY LINE, A DISTANCE OF 510.08 FEET TO THE SOUTHEASTERLY CORNER OF SAID LOT 30; THENCE NORTH 01°32'16" EAST ALONG THE EASTERLY LINE OF SAID LOT 30 AND LOT 1 AND ALONG THE WESTERLY RIGHT OF LINE OF ORANGE AVENUE (BEING 50 FEET WIDE), A DISTANCE OF 267.14 FEET TO THE SOUTHERLY RIGHT OF WAY LINE OF INDIANTOWN ROAD (STATE ROAD NO. 706); THENCE NORTH 44°51'27" WEST ALONG SAID RIGHT OF WAY LINE, A DISTANCE OF 36.22 FEET; THENCE SOUTH 88°44'49" WEST ALONG SAID SOUTHERLY RIGHT OF WAY LINE (BEING 120 FEET WIDE), A DISTANCE OF 460.97 FEET; THENCE SOUTH 45°04'35" WEST ALONG SAID RIGHT OF WAY LINE, A DISTANCE OF 34.52 FEET TO THE WESTERLY LINE OF SAID LOT -20, BLOCK 10; THENCE SOUTH 01°24'40" WEST ALONG THE WESTERLY LINE OF LOTS 20 AND 21 AND ALONG THE EASTERLY RIGHT OF WAY LINE OF HEPBURN AVENUE (BEING 50 FEET WIDE), A DISTANCE OF 259.53 FEET TO THE POINT OF BEGINNING.

CONTAINING 146,512 SQUARE FEET (3.3635 ACRES)



Page 1 of 1

## Pebworth Properties LLC
## Profit & Loss Budget Overview
### January through June 2010

| | Jan 10 | Feb 10 | Mar 10 | Apr 10 | May 10 | Jun 10 | TOTAL Jan - Jun 10 |
|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | |
| 4025 · Rent | 29,021.64 | 29,021.64 | 29,021.64 | 29,021.64 | 29,021.64 | 29,021.64 | 174,129.84 |
| 4050 · CAM | 16,121.75 | 16,121.75 | 16,121.75 | 16,121.75 | 16,121.75 | 16,121.75 | 96,730.50 |
| 4150 · Allowance | 30.00 | 30.00 | 30.00 | 30.00 | 30.00 | 30.00 | 180.00 |
| **Total Income** | 45,173.39 | 45,173.39 | 45,173.39 | 45,173.39 | 45,173.39 | 45,173.39 | 271,040.34 |
| **Expense** | | | | | | | |
| **7000 · FIXED EXPENSES** | | | | | | | |
| 7010 · Insurance Exp | 2,326.50 | 2,326.50 | 2,326.50 | 2,326.50 | 2,326.50 | 2,326.50 | 13,959.00 |
| 7020 · Property Taxes | 8,718.87 | 8,718.87 | 8,718.87 | 8,718.87 | 8,718.87 | 8,718.87 | 52,313.22 |
| 7030 · Tangible Taxes | 428.20 | 428.20 | 428.20 | 428.20 | 428.20 | 428.20 | 2,569.20 |
| **Total 7000 · FIXED EXPENSES** | 11,473.57 | 11,473.57 | 11,473.57 | 11,473.57 | 11,473.57 | 11,473.57 | 68,841.42 |
| **7500 · OPERATING EXPENSES** | | | | | | | |
| 7505 · Accounting | | | 2,400.00 | | | | 2,400.00 |
| 7510 · Admin Exp | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 1,200.00 |
| 7515 · Storage | 186.19 | 186.19 | 186.19 | 186.19 | 186.19 | 186.19 | 1,117.14 |
| 7525 · Electric | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 3,900.00 |
| 7535 · Fountain Maintenance | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 300.00 |
| 7537 · Environmental Landscape Ma... | | | 525.00 | | | 525.00 | 1,050.00 |
| 7540 · Outdoor Maintenance | 950.00 | 950.00 | 950.00 | 950.00 | 950.00 | 950.00 | 5,700.00 |
| 7545 · Landscape | 540.00 | 540.00 | 540.00 | 540.00 | 540.00 | 540.00 | 3,240.00 |
| 7550 · Management | 2,916.00 | 2,916.00 | 2,916.00 | 2,916.00 | 2,916.00 | 2,916.00 | 17,496.00 |
| 7565 · Rust Removal | 152.75 | 152.75 | 152.75 | 152.75 | 152.75 | 152.75 | 916.50 |
| 7570 · Sanitation | 432.25 | 432.25 | 432.25 | 432.25 | 432.25 | 432.25 | 2,593.50 |
| 7575 · Security/Fire Monitoring | 278.85 | | | 278.85 | | | 557.70 |
| 7580 · Telephone | 262.80 | 262.80 | 262.80 | 262.80 | 262.80 | 262.80 | 1,576.80 |
| 7590 · Water/Sewer | 1,399.00 | 774.00 | 774.00 | 1,399.00 | 774.00 | 774.00 | 5,894.00 |
| **Total 7500 · OPERATING EXPENSES** | 8,017.84 | 7,113.99 | 10,038.99 | 8,017.84 | 7,113.99 | 7,638.99 | 47,941.64 |
| **8000 · LANDLORD EXPENSES** | | | | | | | |
| 8020 · Lease Commissions | 955.58 | 955.58 | 955.58 | 955.58 | 955.58 | 955.58 | 5,733.48 |
| 8025 · Advertising | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 3,000.00 |
| 8030 · Legal | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 650.00 | 3,900.00 |
| 8035 · Unit Electric | 995.00 | 995.00 | 995.00 | 995.00 | 995.00 | 995.00 | 5,970.00 |
| **Total 8000 · LANDLORD EXPENSES** | 3,100.58 | 3,100.58 | 3,100.58 | 3,100.58 | 3,100.58 | 3,100.58 | 18,603.48 |
| **Total Expense** | 22,591.99 | 21,688.14 | 24,613.14 | 22,591.99 | 21,688.14 | 22,213.14 | 135,386.54 |
| **Net Income** | 22,581.40 | 23,485.25 | 20,560.25 | 22,581.40 | 23,485.25 | 22,960.25 | 135,653.80 |

**Promenade Shoppe's at Pine Gardens**
240-250 W Indiantown Rd
Jupiter, FL

Rent Roll 1/31/2010

| UNIT # | TENANT | SQ. FT | VAC | $/SF | MONTH RENT | ANNUAL RENT | ANNUAL CAM | SECURITY DEPOSIT | LEASE TERM | ANNUAL INCREASE | % BLDG | OPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Bldg 240** | | | | | | | | | | | | |
| 101 | Schrapper's | 2341 | | 18.62 | 3,631.82 | 43,581.84 | 20,717.85 | 4,486.92 | 11/1/09 addendum | CPI 2%/4% | 8.52% | 1-5yr |
| 102 | Thomas Matevia | 1834 | | 7.36 | 1,124.85 | 13,498.24 | 16,230.90 | 4,486.92 | MTM | | 6.68% | |
| 103 | *Neighborhood Pizza | 1700 | | 24.15 | 3,421.25 | 41,055.00 | 15,045.00 | 4,978.88 | 7/1/09-6/30/14 | CPI | 6.19% | |
| 104 | *Kretzer Piano | 1371 | | 15.50 | 1,770.88 | 21,250.56 | 12,133.35 | 5,927.64 | 8/1/09-7/31/12 | CPI | 4.99% | |
| 105 | *Kretzer Piano | 1371 | | 15.50 | 1,770.87 | 21,250.44 | 12,133.35 | | | | 4.99% | |
| 106 | *Hard Exercise Works | 1644 | | 14.82 | 2,030.61 | 24,367.37 | 14,549.40 | 3,298.50 | 5/1/09-4/30/14 | Fixed | 5.99% | 1-3 yr |
| 107 | *Hard Exercise Works | 1644 | | 14.82 | 2,030.61 | 24,367.37 | 14,549.40 | | 5/1/09-4/30/14 | Fixed | 5.99% | 1-5 yr |
| 108 | Aveda Aspen | 2178 | | 27.89 | 5,061.90 | 60,742.80 | 19,275.30 | 4,537.50 | 12/1/05-9/31/10 | 3%Yr 3-5 | 7.93% | 2-5 yr |
| | | 14083 | 0 | | 20,842.80 | 250,113.62 | 124,634.55 | 20,842.80 | | | | |
| **Bldg 250** | | | | | | | | | | | | |
| 101 | Available | | 2571 | | | | | | | | 9.36% | |
| 102 | Available | | 1684 | | | | | | | | 6.13% | |
| 103 | Pebworth Prop Inc | 1100 | | 15.00 | 1,375.00 | 16,500.00 | 9,735.00 | waived | MTM | | 4.01% | |
| 104 | Metrpo PCS* | 1350 | | 0.00 | 0.00 | 0.00 | 0.00 $ | - | 3/1/10-2/28/15 | | 4.92% | 1-5yr |
| 105 | ScottTrade Inc | 1430 | | 30.09 | 3,585.68 | 43,028.17 | 12,655.50 | 3,217.50 | 1/1/06-9/31/10 | CPI | 5.21% | 1-5yr |
| 106 | Thomas C. Matevia | 1600 | | 7.36 | 981.33 | 11,776.00 | 14,160.00 | 4,486.92 | MTM | CPI | 5.83% | |
| 107 | Thomas C. Matevia | 1683 | | 7.36 | 1,032.24 | 12,386.88 | 14,894.55 | 0.00 | MTM | | 6.13% | |
| 108 | Thomas C. Matevia | 1964 | | 7.36 | 1,204.59 | 14,455.04 | 17,381.40 | 0.00 | MTM | | 7.15% | |
| | | 9127 | 4255 | | 8,178.84 | 98,146.09 | 68,826.45 | 2,100.00 | | | | |
| **TOTALS** | | 23210 | 4255 | | 29,021.64 | 348,259.71 | 193,461.00 | 58,363.58 | | | 100.00% | |

VACANCY TOTAL: 4255   15.49%
OCCUPANCY TOTAL: 23210   84.51%
TOTAL G.L.A.: 27465

*Metro has 4 months free rent in exchange for the doing their own improvements. Rents commences July 1,2010 in the amount of $1,504.36 +$995.62 in CAM